JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 — (Website: www.akb.uscourts.gov)
Clerk's Office:  907-271-2655 (1-800-859-8059 In-State) — Judge's Fax:  907-271-2692

| | |
|---|---|
| In re<br><br>YONG H. PIENING,<br><br>                    Debtor(s) | Case No. A09-00278-HAR<br>In Chapter 7<br><br>MEMORANDUM DECISION FOR DENIAL OF MOTION FOR RECONSIDERATION OF ORDER DENYING EX PARTE MOTION TO REOPEN CASE |

The motion for reconsideration must be denied as untimely and would be denied on the merits even if it had been timely.[1]  A separate order will be entered.

**1. The Motion to Reconsider is Untimely**- The *Order Denying Ex Parte Motion to Reopen Case* was entered on 03/09/16.[2]  The motion to reconsider that order was not filed until 04/11/16, **33 days later**.  The time limit for filing the motion to reconsider was only **14 days**, or by 03/23/16, per FRBP 8002(b).

---

[1] Sunny Lee did not file an actual motion to reconsider.  The court will treat *Creditor Sunny Lee's Affidavit in Support of Motion for Reconsideration to Reopen Bankruptcy Case* (ECF No. 79, filed 04/11/16) as a motion under FRBP 9024 (i.e., a Rule 60 motion).

[2] ECF No. 76.

Had one of the tolling motions under FRBP 9023 or 9024 been timely filed, the clock would have stopped until the court disposed of it. An untimely tolling motion does not do the trick.[3]

I can commiserate with Sunny Lee. Bankruptcy law can be complicated and dense, but this does not excuse the untimeliness to file a tolling motion in this case.

2. The Motion Cannot State a Meritous Claim-

2.1. A Motion to Revoke the Discharge Under 11 USC § 727(d, e) Would Be Untimely- Debtor's discharge was entered in 2009. The case was closed in 2012. The facts are more fully set out in the order sought to be reconsidered.[4]

11 USC § 727(d, e) requires a request to revoke a discharge be brought no later than the later of one year after the discharge is entered or the date the case was closed (or, by 2013 in this case). This is a non-waivable statute of repose.[5]

2.2. 11 USC § 523(a)(3) Does Not Extend The Time to Challenge Dischargeability in This Case- Although Sunny Lee *does not* appear to be an omitted creditor since she appears to be listed on the schedules,[6] her motion to reconsider now says she did not have notice of the bankruptcy until late 2010. Since there was no claims bar date in this case, this is not beyond the time Sunny Lee could file a timely proof of claim in this no-asset case.

---

[3] *Collier on Bankruptcy*, ¶8002.10[3] (Matthew Bender & Co., online edition as of 04/13/16) states that only a timely motion suspends the time to appeal. Personal Electric Transport, Inc. v. Office of the United States Trustee, 313 Fed. Appx. 51, 2009 WL 368428 (9th Cir. 2009).

[4] *Order Denying Ex Parte Motion to Reopen Case*, ECF 76, at page 1.

[5] In re Elliot, 529 B.R. 747, 754 (9th Cir. BAP 2015).

[6] *Order Denying Ex Parte Motion to Reopen Case*, ECF No. 76, at page 2.

MEMORANDUM DECISION FOR DENIAL OF
MOTION FOR RECONSIDERATION OF ORDER
DENYING EX PARTE MOTION TO REOPEN CASE

Creditors were asked *not* to file a proof of claim unless they got notice to do so.[7] In In re Beezley, the Ninth Circuit held that after a no-asset, no bar date chapter 7 case has been closed, dischargeability is unaffected by whether or not the creditor was scheduled.[8]

11 USC § 523(a)(3)(B), on the other hand, applies to omitted creditors with claims that would have been nondischargeable under 11 USC § 523(a)(2, 4, 6), the "bad actor" debtor who had, for example, (a) obtaining property or credit by misrepresentation, false statement or actual fraud; (b) fiduciary fraud or defalcation, embezzlement or larceny; or (c) injury to person or property by willful or malicious conduct.  This subsection literally has ***conjunctive*** requirements, not only the "bad actor" requirement, but also conjunctively reiterates the requirement in § 523(a)(3)(A) about the ability to file a timely proof of claim.  *Collier on Bankruptcy* suggests that "timely proof of claim" requirement in § 523(a)(3)(B) has been read by the courts in the ***disjunctive*** to avoid an inadvertent right to a discharge in a Beezley situation where there is also a "bad actor" claim.[9]

In re Santiago, a Ninth Circuit BAP case,[10] only discusses the statutory and rule time limits in 11 USC § 523(c) and FRBP 4007(c), but not laches, and holds that there is *no* statute of limitations bar to stating a claim for nondischargeability under § 523(a)(3)(B) where the omitted creditor could not have filed a timely § 523(a)(2, 4, or 6) claim; that is, the debtor blows a statute of limitations defense in this situation.  The Ninth Circuit has held in In re Beaty, however, that a laches defense may be asserted.[11]

---

[7] *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines.*  ECF No. 9, filed 05/06/09.

[8] In re Beezley, 994 F.2d 1433, 1434 (9th Cir. 1993).

[9] *Collier on Bankruptcy*, ¶523.09[1], fn 3 ((Matthew Bender & Co., online edition as of 04/13/16).

[10] In re Santiago, 175 B.R. 48, 51-52 (9th Cir. BAP 1994), fn 4.

[11] In re Beaty, 306 F.3d 914, 923 (9th Cir. 2002).

MEMORANDUM DECISION FOR DENIAL OF
MOTION FOR RECONSIDERATION OF ORDER
DENYING EX PARTE MOTION TO REOPEN CASE                                          Page 3 of 4

In Sunny Lee's case, she *is* listed in the schedules[12] and on the mailing matrix[13] as "Lee, Sunny, 7491 Labrador, Anchorage, AK 99502." Nowhere in her current papers does she disclose a current address or state that the address on Labrador was not correct in 2009.[14]

DATED: April 13, 2016

      /s/ Herb Ross
     HERB ROSS
U.S. Bankruptcy Judge

<u>Serve</u> :
Sunny Lee, Pro Se Creditor, 7491 Labrador, Anchorage, AK 99502
G. Oczkus, Esq. (for Debtor)
U.S. Trustee
Case Manager

---

[12] ECF No. 15, page 22 of 41, in Schedule F, *Creditors Holding Unsecured Nonpriority Claims*.

[13] ECF No. 1, page 14 of 16.

[14] ECF No. 73, the motion to reopen, and ECF No. 74, the motion for reconsideration.

MEMORANDUM DECISION FOR DENIAL OF
MOTION FOR RECONSIDERATION OF ORDER
DENYING EX PARTE MOTION TO REOPEN CASE                Page 4 of 4